

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

        Plaintiff,

v.

D-1 Carlton O.  Bankhead,
A/K/A, "Tank,"

        Defendant.

_____/

No. 18-CR-20784

Hon. Paul D. Borman

Offense(s):
18 U.S.C. § 1343 (Wire Fraud)

18 U.S.C. § 1028A(a)(1)
(Aggravated Identity Theft)

**Maximum Terms of Imprisonment:**
Count 5: 20 years' imprisonment
Count 28: 2 years' imprisonment,
mandatory and consecutive to any other
sentence

**Maximum Fines:**
Count 5: $250,000
Count 28: $250,000

**Supervised Release:**
Count 5: Up to 3 years
Count 28: Up to 1 year

# Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

Carlton O.  Bankhead, a/k/a, "Tank," and the government agree as follows:

1.   **Guilty Plea**

   A.   **Count(s) of Conviction**

   Defendant will enter a plea of guilty to Counts Five and Twenty-Eight of the Indictment, which charge him with wire fraud and aggravated identity theft, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 1028A(a)(1).

   B.   **Elements of Offense(s)**

   The elements of Count Five (Wire Fraud) are as follows:

> (1) The defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;
>
> (2) The defendant acted with the intent to defraud;
>
> (3) In advancing, furthering, or carrying out the scheme, the defendant caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

   The elements of Count Twenty-Eight (Aggravated Identity Theft) are as follows:

> (1) The defendant knowingly possessed or used, without lawful authority, the means of identification of another person;
>
> (2)  The defendant's possession or use of such means of identification

of another person was during and in relation to a felony enumerated in § 1028(A)(c), that felony being wire fraud in violation of 18 U.S.C. § 1343.

C.     **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea(s):

From at least on or about November 2016 and continuing until at least on or about November 2017, in the Eastern District of Michigan and elsewhere, CALRTON BANKHEAD devised a scheme to defraud and to obtain money or property by materially false or fraudulent pretenses, representations and promises.

As part of the scheme, BANKHEAD obtained credit card and debit card information relating to accounts in the names of other persons. BANKHEAD obtained this information without the authorization of those other persons. BANKHEAD used the credit and debit card information relating to accounts in the names of other persons to obtain things of value and to attempt to obtain things of value.  BANKHEAD used, and attempted to use, this credit and debit card information without the authorization of the true account holders.  In doing so, BANKHEAD fraudulently misrepresented that he had authority to engage in the transactions that he was conducting and attempting to conduct.

BANKHEAD misrepresented and concealed his true identity while using the credit and debit card information relating to accounts in the names of other persons.

BANKHEAD took possession, and attempted to take possession, of fraudulently-acquired things of value and caused others to take possession of fraudulently-acquired things of value and to attempt to take possession of such items.

BANKHEAD caused fraudulently-acquired things of value to be re-sold and obtained the proceeds of such sales.  BANKHEAD also caused sales of such items to be attempted.

In executing his scheme to defraud, BANKHEAD knowingly possessed and used, without lawful authority, the means of identification of other persons.

BANKHEAD acknowledges that he engaged in the above-described conduct with the intent to defraud.  BANKHEAD also acknowledges that, in furtherance of the above-describe scheme, he caused to be transmitted, by means of wire communication in interstate commerce, signals and sounds.

BANKHEAD specifically acknowledges that in executing his scheme to defraud, on January 16, 2017, he used a Visa credit card account number ending in 1933 to engage in a fraudulent purchase from the Alma Tire Company, in Alma, Michigan, in the amount of $4070.40.  BANKHEAD made this purchase without the authorization of the true account holder and without lawful authorization.

BANKHEAD fraudulently misrepresented that he had authority to engage in the transaction. BANKHEAD acknowledges that this credit card number was a means of identification of another person.  BANKHEAD also acknowledges that he engaged in this transaction with the intent to defraud and that the transaction caused signals and sounds to be transmitted by means of wire communication in interstate commerce.

2.  **Sentencing Guidelines**

   A.  **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B.  **Agreed Guideline Range**

   There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is **33-41 months' imprisonment + 24 months' imprisonment** (57 - 65 months), as set forth on the attached worksheets. If the Court finds:

>    1.  That defendant's criminal history category is higher than reflected on the attached worksheets, or
>
>    2.  that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a

lack of acceptance of responsibility for his offense; or obstructed

justice or committed any crime,

and if any such finding results in a guideline range higher than **33-41 months'**

**imprisonment + 24 months' imprisonment** (57 - 65 months), the higher guideline

range becomes the **agreed range**.  However, if the Court finds that defendant is a

career offender, an armed career criminal, or a repeat and dangerous sex offender as

defined under the sentencing guidelines or other federal law, and that finding is not

already reflected in the attached worksheets, this paragraph does not authorize a

corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is

different from any position of that party as reflected in the attached worksheets,

except as necessary to the Court's determination regarding subsections 1) and 2),

above.

### C.   **Relevant Conduct**

BANKHEAD acknowledges that in engaging in the scheme to defraud

detailed above, he caused, and intended to cause, a total loss of $106,150.

### 3.   **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing

so must consider the sentencing guideline range.

A.   **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

The Court must impose a two-year sentence of imprisonment on Count 28 (Aggravated Identity Theft) that runs consecutively to any other sentence of imprisonment.

B.   **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.   **Special Assessment**

Defendant will pay a special assessment of $200.00 at the time of sentencing.

D.   **Fine**

There is no agreement as to fines.

E.   **Restitution**

The Court shall order restitution to every identifiable victim of defendant's offense and all other relevant conduct. The full amount of restitution in this case is

$90,282.66. BANKHEAD agrees to pay this amount to victims identified by the Government.

F.    **Forfeiture**

As part of this agreement, Defendant agrees to forfeit any proceeds derived from his participation in the described wire fraud scheme under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c). Specifically, Defendant agrees to the entry of a $90,282.66 forfeiture money judgment against him, in favor of the United States. Defendant agrees that he personally obtained at least $90,282.66 as proceeds derived from his wire fraud scheme.

Following entry of this Rule 11 Agreement, defendant agrees to the Court's prompt entry of one or more orders of forfeiture, including a Stipulated Preliminary Order of Forfeiture for the agreed forfeiture money judgment.

Defendant agrees that the forfeiture money judgment may be satisfied from any property owned by defendant or under his control. Defendant explicitly agrees to the forfeiture of substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

Defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges in any form to any forfeiture carried out in accordance with this plea agreement, on any grounds, including that the forfeiture constitutes an

excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment.

Defendant acknowledges that he understands that forfeiture is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), or otherwise, at the time his guilty plea is accepted.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing, and incorporation of forfeiture in the judgment and waives any right he may have to request a jury determine forfeiture under Rule 32.2(b)(5).

### 4.   Use of Withdrawn Guilty Plea

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

### 5.   Other Charges

If the Court accepts this agreement, the government will dismiss all remaining charges in this case.  The government also agrees not bring additional

charges relating to any other acts of credit card fraud or identity theft of which the government is aware as of December 28, 2018.

6.    **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

7.    **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 65 months' imprisonment, the defendant also waives any right he may have to appeal his sentence on any grounds.  If the defendant's sentence of imprisonment is at least 57 months' imprisonment, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

8.   **Consequences of Withdrawal of Guilty Plea(s) or Vacation of Conviction(s)**

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9.   **Collateral Consequences of Conviction**

Defendant understands that his conviction(s) here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences.

Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

10.   **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

11.   **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the

government, this plea agreement does not supersede or abrogate the terms of any

such prior written agreement.

This agreement also does not prevent any civil or administrative actions

against defendant, or any forfeiture claim against any property, by the United States

or any other party.

12.   **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office

of the United States Attorney by 5:00 P.M. on 01/08/2019. The government

reserves the right to modify or revoke this offer at any time before defendant pleads

guilty.

MATTHEW SCHNEIDER
United States Attorney

_____          _____
John K. Neal                       Andrew Yahkind
Assistant United States Attorney   Assistant United States Attorney
Chief, White Collar Crimes

Date: 1/2/2019

By signing below, defendant acknowledges that he has read (or been read) this
entire document, understands it, and agrees to its terms. He also acknowledges that
he is satisfied with his attorney's advice and representation. Defendant agrees that
he has had a full and complete opportunity to confer with his lawyer, and has had
all of his questions answered by his lawyer.

_____          _____

Steven Scharg
Attorney for Defendant

_3-5-19_

Date

Carlton O.  Bankhead, a/k/a, Tank
Defendant

_3-5-19_

Date

## WORKSHEET A

# OFFENSE LEVEL

Defendant __Carlton Bankhead__                    District/Office __Eastern District of Michigan__

Docket Number __18-CR-20784__

Count Number(s) __5, 28__          U.S. Code Title & Section __18__ : __1343__    ; __18__ : __1028A(a)(1)__

*Guidelines Manual* Edition Used: 20__18__ (*Note:* The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

### INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.* *Exceptions:* Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

**1. Offense Level** (*See* Chapter Two)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2B1.1(a)(1) | Base Offense | 7 |
| 2B1.1(b)(1)(E) | Loss: More than $95,000 but less than $150,000 | +8 |
| 2B1.1(b)(2)(A) | More than 10 Victims | +2 |
| | | |
| | | |
| | | |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.     Sum [    ]

**2. Victim-Related Adjustments** (*See* Chapter Three, Part A)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".     § _____  [    ]

**3. Role in the Offense Adjustments** (*See* Chapter Three, Part B)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".     § 3B1.1(c)  **+2**

**4. Obstruction Adjustments** (*See* Chapter Three, Part C)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".     § _____  [    ]

**5. Adjusted Offense Level**

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.     **19**

[✓] Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

[ ] If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

## WORKSHEET C

# CRIMINAL HISTORY

[Page 1 of 2]

Defendant **Carlton Bankhead**　　　　　　　　　　Docket Number **18-CR-20784**

*Note:* As an aid, some of the basic criminal history "rules" are listed below. However, there are numerous additional criminal history rules at §§4A1.1 and 4A1.2 that must be used with Worksheet C and for correct application.

**Enter the Earliest Date of the Defendant's Relevant Conduct** **November 2016**
(The date of *the defendant's commencement of the instant offense*(s))

### 1. Prior Sentences Resulting from Offenses Committed Prior to the Defendant's 18th Birthday

(a) **3 Points** if convicted as an *adult*, for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(d)(1) & (e)(1).

(b) **2 Points** for each prior *adult or juvenile sentence* of confinement of *at least 60 days* not counted under §4A1.1(a) imposed within 5 years or from which the defendant was released from confinement within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(d)(2)(A).

(c) **1 Point** for each prior *adult or juvenile sentence* not counted under §4A1.1(a) or §4A1.1(b) imposed within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(d)(2)(B).

*Note:* Identify as "**adult**" any sentence exceeding one year and one month that resulted from an adult conviction.
A **release date** is required in only two instances: (1) when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period; or (2) when a sentence counted under §4A1.1(b) was imposed more than 5 years prior to *the defendant's earliest date of relevant conduct*, but release from confinement occurred within such 5-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

### 2. Prior Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday

(a) **3 Points** for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(e)(1).

(b) **2 Points** for each prior sentence of imprisonment of *at least 60 days* not counted under §4A1.1(a) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(e)(2).

(c) **1 Point** for each prior sentence not counted under §4A1.1(a) or §4A1.1(b) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(e)(2).

*Note:* A **release date** is required when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| 10/6/09 | Minor in Possession | 6M Probation |  |  | 1 |
| 12/9/10 | Stolen Property | 180D Jail |  |  | 2 |
| 6/3/13 | Fin. Transaction Device Stealing | 2Y Prob |  |  | 1 |
| 10/8/15 | Alcohol/Marijuana Possession | $625 Fine |  |  | 1 |

# Worksheet C — Criminal History [Page 2 of 2]

Defendant _Carlton Bankhead_                    Docket Number _18-CR-20784_

(continued from *Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday*)

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| 5/4/16 | False Pretenses | 18M Probation | | | 1 |
| 7/5/17 | Motor Vehicle Violation | $450 Fine | | | 0 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**3. Sum of Criminal History Points for prior sentences under §4A1.1(a), (b), & (c) in Items 1 & 2**

A total of 4 points can be added for all the 1-Point sentences counted in Items 1 & 2 combined.

> 6

**4. "Status" of Defendant at Time of Instant Offense**

**2 Points** for "status" if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence (*e.g.*, probation, parole, supervised release, imprisonment, work release, or escape status) for a sentence counted in Items 1 or 2. *See* §4A1.1(d) and Application Note 4. List the type of control and identify the counted sentence that resulted in the control. Otherwise, enter **0 Points**.

Probationary Status from 5/4/16 False Pretenses sentence

> 2

**5. Crimes of Violence**

**1 Point** for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was counted as a single sentence which also included another sentence resulting from a conviction for a crime of violence. A total of 3 points can be added under this subsection. *See* §4A1.1(e) and Application Note 5, and §4A1.2(a)(2) & (p). Identify the crimes of violence and briefly explain why the cases are considered a single sentence. Otherwise, enter **0 Points**.

> 

**4. Total Criminal History Points** (Sum of Items 3–5)

> 8

**5. Criminal History Category** (Enter here and on Worksheet D, Item 4)

| Total Points | Criminal History Category |
|---|---|
| 0–1 | I |
| 2–3 | II |
| 4–6 | III |
| 7–9 | IV |
| 10–12 | V |
| 13 or more | VI |

> IV

## WORKSHEET D

# DETERMINING THE SENTENCE

## [Page 1 of 4]

Defendant __Carlton Bankhead__                              Docket Number __18-CR-20784__

---

1. **Adjusted Offense Level** (From Worksheet A or B)
   If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.

   $\boxed{19}$

2. **Acceptance of Responsibility** (*See* Chapter Three, Part E)
   Enter the applicable reduction of **2** or **3** levels. If no adjustment is applicable, enter "**0**".

   $\boxed{-3}$

3. **Offense Level Total** (Item 1 less Item 2)

   $\boxed{16}$

4. **Criminal History Category** (From Worksheet A or C)
   Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.

   $\boxed{IV}$

5. **Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (*See* Chapter Three, Part A, and Chapter Four, Part B)

   a. **Offense Level Total**
      If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

      $\boxed{\phantom{00}}$

   b. **Criminal History Category**
      If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category.  Otherwise, enter "N/A".

      $\boxed{\phantom{00}}$

6. **Guideline Range from Sentencing Table**
   Enter the applicable guideline range from Chapter Five, Part A, in months.

   $\boxed{33 \quad\textbf{to}\quad 41^*}$

7. **Restricted Guideline Range** (*See* Chapter Five, Part G)
   If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (*see* §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".

   $\boxed{\phantom{000}\textbf{to}\quad +24\ \text{M}}$

   ☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

8. **Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (*See* §5G1.3)

   ☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

---

*Count 25 carries a 2 year mandatory consecutive sentence. Therefore, the total guideline range is 33-41 months' imprisonment+24 months imprsionment

(or 57-65 total months' imprisonment)

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant __Carlton Bankhead__                    Docket Number __18-CR-20784__

## 9. Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

**Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

☐ If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

**Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

☐ If checked, *the minimum term may be satisfied by:*

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

**Zone C** (See §5C1.1(a) & (d))

☐ If checked, *the minimum term may be satisfied by:*

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

**Zone D** (See §5C1.1(a) & (f))

☑ If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10. Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☐ At least one year, but not more than five years if the offense level total is 6 or greater.

☐ No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant  Carlton Bankhead                     Docket Number  18-CR-20784

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

### a. Imposition of a Term of Supervised Release:

☐ Ordered because required by statute (See §5D1.1(a)(1)).

☑ Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

☐ Is *not* ordered although a sentence of more than one year is imposed, because it is not required by statute *and* the defendant likely will be deported after imprisonment (See §5D1.1(c)).

☐ Ordered because it may be ordered in any other case (See §5D1.1(b)).

### b. Length of Term of Supervised Release

Check the Class of the Offense:

☐ Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))

☑ Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

☐ Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

☐ If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):

_____ years mandatory minimum term of supervised release

☐ If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a. If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:
$90,282.66 to victims to be identified by the government

b. Enter whether restitution is statutorily mandatory or discretionary:
Mandatory

c. Enter whether restitution is by an order of restitution, or *solely* as a condition of supervision. Enter the authorizing statute:

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant __Carlton Bankhead__     Docket Number __18-CR-20784__

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

|  |  | Minimum | Maximum |
|---|---|---|---|

a. **Special Fine Provisions**

☐ Check box if any of the counts of conviction is for a statute with a special fine provision. (This ***does not*** include the general fine provisions of 18 USC § 3571(b)(2) & (d)).

Enter the sum of statutory maximum fines for all such counts.     **Maximum** $

b. **Fine Table (§5E1.2(c)(3))**
Enter the minimum and maximum fines.     **Minimum** $10,000     **Maximum** $95,000

c. **Fine Guideline Range**
(Determined by the minimum of the Fine Table (Item 13(b)) and the greater maximum above (Item 13(a) or 13(b))).     **Minimum** $10,000     **Maximum** $95,000

d. **Ability to Pay**

☐ Check this box if the defendant does not have an ability to pay.

## 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:**     $200

## 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

_____

_____

_____

## 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

_____

_____

_____

Completed by __AUSA Andrew J. Yahkind__     Date __12/28/18__