UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF
AMERICA,

        Plaintiff,

v.

CARLTON O. BANKHEAD,

        Defendant.
_____/

Case No. 2:18-cr-20784
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

# MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR EXPEDITED HEARING (ECF 30) AND TO SEAL (ECF 39)

### I. Procedural Background

On July 8, 2019, Defendant was sentenced to 60 months imprisonment for various types of fraud. On October 15, 2019, Defendant filed the first of six pending motions, all connected with the desire to vacate his sentence, to be released on bond and to enjoin his former counsel from communicating with Defendant's fellow prisoners in a manner which Defendant alleges to be endangering him. (ECF Nos. 29, 30, 34, 38, 39, & 42.) The United States, in turn, has filed a motion for an order finding waiver of attorney-client privilege (ECF No. 36), in connection with which the court has ordered service of that motion upon Defendant's former counsel and for which the Court has scheduled a January 31, 2020 hearing. (ECF No. 43; 12/13/19 Text Only Order.) The Court intends to take

these matters up in what it considers to be the most logical sequence. Presently before the Court are two of the seven motions, namely Defendant's motion for an expedited hearing and his motion to seal, both of which are administrative in nature. (ECF Nos. 30, 39.) These are discussed separately below.

## II. The Pending Motions

### A. Motion for an Expedited Hearing (ECF No. 30)

In his motion for an expedited hearing, Defendant asks for a hearing on his motion to vacate sentence, brought pursuant to 28 U.S.C. 2255, "at the earliest possible time." (ECF No. 30, PageID.168.) This expedition request puts the cart before the horse for two reasons: (1) the Court has determined that it is first necessary to take up the issue of the Government's pending motion for an order finding waiver of attorney-client privilege, which may have an effect on the proofs to be considered in the 2255 motion, and in connection with which the Court has scheduled a hearing for January 31, 2020, its earliest available date for such a hearing; and (2) there is no automatic right to a hearing on the 2255 motion to vacate sentence. Courts must hold an evidentiary hearing to determine the validity of the Petitioner's allegations in a 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No hearing is required if the Petitioner's allegations "'cannot be accepted as true because they are contradicted by the record, inherently

incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Here, the Court cannot determine whether a hearing is necessary until it takes up the motion on the merits and determines whether Defendant's allegations are contradicted by the record, inherently incredible, or conclusions rather than statements of fact, and whether the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. In the event that the Court does determine that a hearing is necessary, it will be scheduled in due course. The motion for an expedited hearing is therefore **DENIED.**

### B. Motion to Seal

Defendant seeks to seal the "filings [that he made] under 2255" (ECF No. 29) because they "should not be for public consumption." (ECF No. 39, PageID.192.) He gives three reasons why the record should be sealed. First, he argues that the "exhibits used to found [sic] his claim contains information that might in the future [sic] could be used in a criminal prosecution." (ECF No. 39, PageID.193.) This is not grounds for sealing the information, and if it does contain information which imputes crime, it is information which he has chosen to place in the public record, and which would not be hidden from the US Government, the respondent in this matter, even if it were sealed. Nor does public policy favor

3

sealing information in order to hide it from prosecutors. Second, he argues that, "[t]he thesis of the claim centers around serious ethical concerns of his prior counsel." Again, this is not grounds for sealing. People regularly make accusations against other people in the public forum of litigation. These accusations often place others in a poor light. But this does not mean that the public should be shielded from the fact that the accusations are being made; nor should the public be shielded if and when the accusations are successfully rebutted and the person accused is vindicated. Third, Defendant argues that "[t]he information contained in the filing could cause the Petitioner to be a target if sent into the institution." It is not entirely clear to which institution he refers or whether there is any likelihood of him being placed there. In any case, he himself has repeatedly placed the information to which he refers in the public record by filing two separate motion seeking injunctive relief in the six weeks following his 2255 petition, one of which was filed a week after his motion to seal, and neither of which have been filed or requested to be filed under seal. He has also filed two subsequent letters to the Court, each seeking the same emergency injunctive relief and/or bond, and each placing even more information of the same ilk into the public record. (ECF Nos. 46, 48.) Defendant "is trying to slam the door of the barn after the horses are long gone." *Chem-Trend, Inc. v. McCarthy*, 780 F. Supp. 458,

<mark>4</mark>

462 (E.D. Mich. 1991). He is also voluntarily letting more horses out after asking the Court to close the door.[1]

Moreover, parties desiring to file court papers under seal face a formidable task in overcoming the presumption that court filings are open to public inspection. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Even when parties designate certain documents as "confidential" under a protective order, that burden is not necessarily satisfied. "Secrecy is fine at the discovery stage, before the material enters the judicial record." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). (citation and internal quotation marks omitted). "'At the adjudication stage…very different considerations apply.'" *Id.* (citation omitted). "The line between these two stages,

---

[1] Letters to the Court are inappropriate, as the Federal Rules spell out the proper form for seeking relief from the Court, namely, by formal motion following specific procedural requirements. The Court will liberally construe the letters thus far received (ECF Nos. 46, 48) as supplements to the pending motions (ECF Nos. 38, 42); however, going forward, letters to the Court will be stricken from the record. The Court does not provide day-to-day supervision over the prison system in an individual case. Correctional officials are professional experts in matters of security and discipline; as such, they are better suited to make decisions about security and discipline than are the courts. *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Id.* at 548; *see also McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.' To respect these imperatives, courts must exercise restraint in supervising the minutiae of prison life.") (citation omitted).

5

discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)). "[T]he public is entitled to assess for itself the merits of judicial decisions" and, thus, "'[t]he public has an interest in ascertaining what evidence and records the District Court [has] relied upon in reaching [its] decisions.'" *Id.* (quoting *Brown*, 710 F.2d at 1181).

"The courts have long recognized, therefore, a 'strong presumption in favor of openness' as to court records," and the "burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group*, 825 F.3d at 305 (citations omitted). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *Knoxville News*, 723 F.2d at 476). And, "even when a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* (citing *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 509-11 (1984)). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06 (citation omitted). The "district court that chooses to seal court records must set forth specific findings and conclusions

6

'which justify nondisclosure to the public' . . . even if neither party objects to the motion to seal." *Id.* at 306 (citation omitted). This latter obligation begins, however, with the parties, who must furnish those good reasons to the Court when making their sealing request. *See id.* Defendant has not met that burden here. Accordingly, the motion to seal is **DENIED**.[2]

**IT IS SO ORDERED.**

Dated: January 3, 2020

s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on January 3, 2020, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).