UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF
AMERICA,

            Plaintiff,

v.

CARLTON O. BANKHEAD,

            Defendant.

_____/

Case No. 2:18-cr-20784
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY MOTION FOR BOND  (ECF No. 38)

**I.    RECOMMENDATION:**  The Court should **DENY** Defendant's motion for bond. (ECF No. 38.)

**II.   REPORT:**

### A. Procedural Background

On July 8, 2019, Defendant was sentenced to 60 months' imprisonment after pleading guilty to various types of fraud.  On October 15, 2019, Defendant filed the first of six motions, all connected with the desire to vacate his sentence, to be released on bond and to enjoin his former counsel from communicating with Defendant's fellow prisoners in a manner which Defendant alleges to be endangering him. (ECF Nos. 29, 30, 34, 38, 39, & 42.)  The United States, in turn,

has filed a motion for an order finding a waiver of the attorney-client privilege (ECF No. 36), in connection with which the Court has ordered service of that motion upon Defendant's former counsel and for which the Court has scheduled a January 31, 2020 hearing. (ECF No. 43; Text Only Orders of 12/13/19 & 1/06/20.)

## B. The instant motion

In the motion now under consideration (ECF No. 38), Defendant seeks bond during the pendency of his 2255 motion to vacate sentence.  (ECF No. 29.) Defendant's 2255 motion claims that he is entitled to relief because he received ineffective assistance from his trial counsel since: (1) his attorney allegedly promised that he would obtain a lighter sentence for him; and, (2) due to a conflict of interest, namely, because he was asked to act as a bill collector for his lawyer. He also claims that he instructed and paid for another attorney to file an appeal of right for him, but that the attorney took the money and passed it onto to his trial counsel without filing the appeal. (ECF No. 29, PageId.137-138, 144-145.)[1]  In his two-page motion for bond, he argues that since his "claims have substantial merit and a reasonable chance of success" he should be released on bond "during the pendency of his motion to vacate…." (ECF No. 38, PageID.188, 187.)  He argues

---

[1] He attaches multiple texts between himself and his attorneys, most of which appear to consist of Defendant arguing with his attorneys, particularly with respect to whether there were any guaranteed outcomes, but at least one of which could possibly have something to do with the collection of attorney fees from other clients. (*See, e.g.,* ECF No. 29, PageId.166.)

in support that he did well on pretrial release, except for "one incident for drinking" and that he self-surrendered after sentencing. (*Id.*, PageID.188.)  He also suggests that he should be released on bond at this time because he is "being housed in a facility with a mismatched security level" after his attorney allegedly attempted "to cause [him] harm." (*Id.*).

He reiterates his request for bond in two subsequent letters to the Court, dated December 17, 2019 and December 22, 2019, one of which points out that he has "real good ties in my community and with my Family" and both of which make unsupported accusations that his former attorney is reaching out to other inmates to make sure that he is put in harm's way and unable to respond to the court filings in this matter. (ECF Nos. 46, 48.)  As he states in his December 22 letter – which reads like an endless stream of conscience – "my mind is not in the right mind state because of this I'm inside a hole in prison after a lawyer is trying to get me hurt its 3 days before Christmas and I'm unable to talk to my family and kids behind trying to help the government which I think it's not fair at all…." (ECF No. 48, PageID.249.)   He offers no legal authority in support of the notion that he should be released on bond due to these alleged violations of his constitutional rights.

### C. Analysis

It has long been established that while release on bond may be available to habeas corpus petitioners in extraordinary circumstances, the Bail Reform Act provisions for bond while on direct appeal, 18 U.S.C. § 3143, do not apply. In an oft-cited passage from Judge Posner's opinion in *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985), the rationale for this is explained:

> Coming at last to the merits, we point out first that the district court based both the May 21 and June 5 orders on the federal statute governing bail for persons accused of federal crimes. But that statute is inapplicable to a convicted defendant who is seeking postconviction relief, whether he is a state prisoner seeking federal habeas corpus under 28 U.S.C. § 2254, or, as here, a federal prisoner seeking relief under 28 U.S.C. § 2255, the habeas corpus substitute for federal prisoners. See *Ballou v. Commonwealth of Massachusetts*, 382 F.2d 292 (1st Cir. 1967) (per curiam); *United States v. Dansker*, 561 F.2d 485 (3d Cir. 1977) (en banc) (per curiam); 3A Wright, Federal Practice and Procedure: Crim. § 768, at p. 145 (2d ed. 1982); cf. *Baker v. Sard*, 137 U.S. App. D.C. 139, 420 F.2d 1342, 1343 (D.C. Cir. 1969) (2-judge panel) (per curiam). Nevertheless, there is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power *to be exercised very sparingly*. See *In re Wainwright*, 518 F.2d 173 (5th Cir. 1975) (per curiam); *Ostrer v. United States*, 584 F.2d 594, 596 n. 1 (2d Cir. 1978); cf. *Jago v. United States District Court*, 570 F.2d 618 (6th Cir. 1978); *Pfaff v. Wells*, 648 F.2d 689 (10th Cir. 1981). The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal

proceedings is poorly served by deferring execution of sentence till
long after the defendant has been convicted.

(Emphasis added).

Likewise, after citing *Cherek* and multiple other decisions from various

circuits as to the appealability of bail orders in habeas corpus proceedings, the

Sixth Circuit explained the heightened standard for issuing bail or bond in these

circumstances:

> [A]s a practical matter, the motions for bail will be denied in most of
> the habeas proceedings.  Thus, few government appeals will be
> lodged.  In order to receive bail pending a decision on the merits,
> prisoners must be able to show not only a substantial claim of law
> based on the facts surrounding the petition but also the existence of
> "some circumstance making [the motion for bail] exceptional and
> deserving of special treatment in the interests of justice."  *Aronson v.
> May*, 13 L. Ed. 2d 6, 9, 85 S. Ct. 3 (1964) (Douglas, J., in chambers);
> *see Martin v. Solem*, 801 F.2d [324,] 329-30 [(8th Cir. 1986)]; *Iuteri
> v. Nardoza*, 662 F.2d [159,] 161 [(2d Cir. 1981)].  There will be few
> occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).  The standard is difficult to

achieve because a habeas petitioner "comes before the habeas court with a strong –

and in the vast majority of the cases conclusive – presumption of guilt."  *Schlup v.

Delo*, 513 U.S. 298, 326 n.42 (1995).

In applying this authority, this Court has explained that while it has

"inherent authority to grant release to a petitioner while a Section 2255 proceeding

is pending…the petitioner must meet a more stringent standard than in a Section

3143 motion."  *Fonseca v. United States*, 129 F. Supp.2d 1096, 1098-1099 (E.D.

5

Mich. 2001) (citing *Cherek*, 767 F.2d at 337-38).  As Judge Gadola explained in

*Fonseca*, this "rarely-exercised power" does not result in bond where a petitioner

"has shown neither a substantial claim of law based on the facts surrounding his

petition nor the existence of some circumstance making the motion for bail

exceptional and deserving of special treatment in the interests of justice." *Id*. at

1099.  *See also Dansker*, 561 F.2d at 487 (requiring a showing of "special reasons"

for bond on a 2255 petition because "[a]llowing bail freely on appeals from

collateral attacks would encourage such litigation regardless of its intrinsic merit");

*Wells*, 648 F.2d at 693 ("[A] showing of exceptional circumstances must be made

for such relief, or a demonstration of a clear case on the merits of the habeas

petition.").  As this Court has further explained, "a district court's power to order

release pending disposition of an application for habeas relief is 'limited' and

properly exercised in 'special cases only.'"  *Walk v. Mackie*, 2014 WL 4265814, at

*18 (E.D. Mich. Aug. 29, 2014) (Komives, M.J.) (quoting *Mapp v. Reno*, 241 F.3d

221, 226 (2d Cir. 2001).)  This means that the petitioner must first show "that his

petition raises substantial constitutional questions on which he is likely to prevail"

and second, "must show that 'extraordinary or exceptional circumstances exist

which either warrant the requested relief or require release to make the writ of

habeas corpus an effective remedy.'"  *Walk*, 2014 WL 4265814 at *18 (q*uoting

Johnson v. Nelson*, 877 F. Supp. 569, 570 (D. Kan. 1995)).  And, in order to

6

demonstrate "any special circumstances justifying the extraordinary relief of release on bond" the petitioner "must demonstrate that his case is 'distinguishable from other habeas cases.'" *Id.* at *19 (quoting *Rado v. Meachum*, 699 F. Supp. 25, 26 (D. Conn. 1988)).  As Judge Komives observed, "[t]he situations in which extraordinary circumstances will be found 'seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence.'" *Id.* (*quoting Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992)).  An ineffective assistance of counsel claim, even one based upon an alleged conflict of interest, does not present an extraordinary circumstance.  Indeed, "there is nothing unusual about a claim of unlawful confinement in a habeas proceeding." *Martin*, 801 F.2d at 330.

Moreover, while the Court has every intention of giving fair consideration to this petition as a whole, for purposes of bond consideration it cannot ignore the fact that substantial portions of the 2255 petition – made by a defendant who has pleaded guilty to fraud and who now admits that his "mind is not in the right mind state" (ECF No. 48, PageID.249) – are prefaced on the seemingly implausible claim that his attorney, an officer of this Court, has directly or indirectly put a hit on him.  These extraordinary allegations, while serious and requiring review on the merits, do not serve to convince the Court that bond should be granted.

Finally, notwithstanding Defendant's claim that he was promised by his attorney that he would receive a particular sentence, and notwithstanding his allegation that he did not read his Rule 11 agreement before signing it (ECF No. 29, PageID.146-148), he said otherwise in the Rule 11 agreement itself and when placed under oath at his plea hearing and at sentencing. (ECF Nos. 15, PageID.57; ECF No. 40, PageID.203-209; ECF No. 41, PageID.229.)  Nor is there anything unusual about Defendant's obvious desire to live somewhere safer than a prison or to return to his family. While I sympathize with these sentiments, Defendant fails to demonstrate either the likelihood that he will prevail or that extraordinary, special or exceptional circumstances exist which warrant his release on bond.

## III.   PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

8

*Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:        January 7, 2020            s/_____

                                                          Anthony P. Patti
                                                          UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on January 07, 2019, electronically and/or by U.S. Mail.

                                        s/Michael Williams_____
                                        Case Manager for the
                                        Honorable Anthony P. Patti

10