UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                              Case No. 18-cr-20784
                                              District Judge Paul D. Borman

CARLTON BANKHEAD,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

Defendant asserts that he is 30 years old and obese (BMI 34.8), has high cholesterol (hyperlipidemia), and high amounts of LDL cholesterol (hypercholesterolemia). (Defendant's Renewed Combined Motion for Sentence Reduction, ECF No. 8, at PageID 484, 11/23/2020.) Defendant also asserts that he has a history of bronchitis and hepatitis and that his mother requires his care to deal with her severe health conditions. (*Id.*) Defendant further asserts that he recently tested positive for COVID-19. (*Id.*)

Defendant contends that the § 3553(a) factors, and lack of any violent convictions, weigh in favor of a sentence reduction. (*Id.* at PageID 497.)

Defendant was sentenced on July 8, 2019 to 36 months for Wire Fraud consecutive to 24 months for Aggravated Identify Theft, for a total of 60 months

1

imprisonment. He further notes that while he has several prior convictions, he does not have priors for crimes of violence.

Defendant contends that he has served over 15 months; with good time in the course of his five-year sentence, he has served approximately 24 months--about 40 percent of his sentence. (*Id*. at PageID 497-498.) Defendant asserts that he has no prison disciplinary incidents, is taking classes and is in a GED program. (*Id*.)

Defendant contends that his BOP Custody Classification-Reentry Plan indicates that he should be in a minimum security facility. (*Id*. at PageID 499.) Defendant attaches a BOP Request for Transfer to "any low security institution" filed by his warden. (ECF No. 8-10, at PageID 543.) That has not occurred. That form notes that he has a projected release date, assuming good time awards, of November 17, 2023.

Bankhead seeks a reduction in sentence and home confinement, and sets forth a release plan to stay with his fiancé and their three young children, and also help take care of his severely ill mother--and has two specified job prospects. (*Id*. at PageID 501.)

On November 10, 2020, his warden denied his request for compassionate release (ECF No. 88-2, at PageID 504), so this case is properly before this Court.

The Government points out that even though Defendant "is only 30 years old, Bankhead has already amassed over a dozen criminal convictions (including three prior felony convictions), and engaged in the crimes in this case while serving state probationary sentences (PSR ¶¶ 46-58)." (*Id*. at PageID 547.)

The Government Response further notes that Bankhead began serving his sentence on August 20, 2019 and has served only about 25 percent of that sentence. (*Id*.)

The Government recognizes that given Bankhead's obesity, he has made a threshold showing of an extraordinary reasons for release under § 3582(c)(1)(A). (*Id*. at PageID 561.) The Government notes, however, that Defendant was the leader of a credit card fraud ring--a career fraudster--and, if released, would be an economic danger to the community.

The Government contends that the 18 U.S.C. § 3553(a) factors establish a basis for denying compassionate release. The Government contends that Defendant's "long remaining sentence weighs heavily against release," citing *United States v Kincaid*, 802 F. App'x 394 and 395-395 (6th Cir. 2020):

> District courts routinely weigh whether a certain amount of time served is "sufficient but not greater that necessary" to serve § 3553(a)'s purposes. That's what happens at sentencing. A district court may use the same calculus when deciding whether to grant a motion for compassionate release.

The Government states that even assuming the awarding of good time credit, Bankhead has served only about one quarter of his total sentence and has three years of incarceration remaining. (Government Response, ECF No. 89, at PageID 566.) As to other § 3553(a) factors, the Government contends that Bankhead engaged in serious criminal conduct even while serving probationary sentences for the very same kind of activity. (*Id*. at PageID 567.) Thus, the Government concludes that he is a serious risk of danger to the public community if released.

On February 2, 2021, Defendant filed a Supplemental Brief stating that he is now in FCI-Milan since December 22, 2020, and has been in continuous quarantine. (ECF No. 92, at PageID 680.) As of February 12, 2021, FCI-Milan has three inmate COVID-19 positives, four staff positives, and that Defendant is no longer in quarantine. (Per Tracy Knutson, BOP Senior Attorney Advisor, St. Louis, MO, 2/16/2021.)

## CONCLUSION

The Court concludes, after applying the 3553(a) factors, that it will deny Defendant's petition for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Applying 18 U.S.C. § 3553(a):

(1)  The nature and circumstances of the instant offense were very serious, and the Defendant's criminal history and characteristics clearly establish a continuing pattern of serious criminal

activity and lack of respect for the law, given his prosecutions for crimes committed while on probation/supervised release.

(2)   There was a basis to impose and serve the majority of his initial five-year sentence to promote respect for the law and to provide just punishment for his leadership of this serious economic crime offense, to afford adequate deterrence to similar criminal conduct by others thinking of committing similar offenses, and yes to protect the public from further crimes of this Defendant.

Accordingly, the court DENIES Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A).

SO ORDERED.

DATED: February 16, 2021              s/Paul D. Borman
                                      PAUL D. BORMAN
                                      UNITED STATES DISTRICT JUDGE